IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:08mj23-TFM |
| | ) | [wo] |
| MICHAEL EDWARD WHITTEN | ) | |

**<u>ORDER OF DETENTION</u>**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a detention hearing on April 7, 2008, pursuant to the Government's *Motion for Detention*. Based upon due consideration of all relevant evidence, the court detains Whitten pending trial.

**Part I -- Findings of Fact**

The record in this case establishes Whitten was the subject of a criminal complaint filed by an agent of the Federal Bureau of Investigation for violating 18 U.S.C. § 2113(a) and (d). If convicted, Whitten would be sentenced to a term of imprisonment of up to twenty-five years. The United States' *Motion for Detention* asserts that no condition or combination of conditions will reasonably assure Whitten's appearance as required, or the safety of any other person and the community if he were released. *See* 18 U.S.C. §§ 3142(e). The Court finds no condition or combination of conditions will reasonably assure the safety of the community.

**Part II - Written Statement of Reasons for Detention**

The testimony before the Court establishes that on April 2, 2008, Whitten entered a Montgomery-area branch of Regions Bank, a federally insured financial institution, and demanded money from a bank teller. Whitten displayed a firearm during the commission of the robbery. Whitten was stopped, without incident, on an interstate highway shortly after the robbery and Officers recovered money from the bank and a loaded firearm.

Whitten waived his rights against self incrimination and gave a statement to law enforcement. Whitten said he robbed the Regions Bank and also admitted he committed armed robbery of two other Montgomery-area businesses in the recent past. Whitten committed the robberies to obtain money for his illegal drug habit.

After having duly considered all the evidence, the nature and circumstances of the offense charged (including the use of a firearm during the crime), the weight of the evidence against the defendant, and his history, the Court concludes there are no conditions or combination of conditions for release which will reasonably assure the safety of any other person and the community and which will ensure the safety of the community. *See* 18 U.S.C. § 3142(g). Therefore, the Court finds that the defendant should be detained.

**Part III - Directions Regarding Detention**

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held

in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE this 7th day of April, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE